Thomas B. Melsheimer (*pro hac vice application forthcoming*)
tmelsheimer@winston.com
John C. Sanders (*pro hac vice application forthcoming*)
jsanders@winston.com
Katrina G. Eash (*pro hac vice application forthcoming*)
keash@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Shawn R. Obi (SBN 288088)
sobi@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
YOUNG LIVING ESSENTIAL OILS, LC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LINDSEY PENHALL, on behalf of herself and a class of others similarly situated,

Plaintiff,

v.

YOUNG LIVING ESSENTIAL OILS, LC,

Defendant.

**Case No. 3:19-cv-2340-JLS-RBB**

**DEFENDANT YOUNG LIVING ESSENTIAL OILS, LC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(B)(3) OR TRANSFER UNDER § 1404(A)**

Date: March 19, 2020
Time: 1:30 P.M.
Place: Courtroom 4D

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 19, 2020, or as soon thereafter as the matter may be heard, in Courtroom 4D of this Court, located at 221 West Broadway, San Diego, CA 92101, Defendant Young Living Essential Oils, LC ("Young Living"), will and hereby does move this Court for an order dismissing without prejudice the Amended Complaint (Dkt. No. 4) of Plaintiff Lindsay Penhall ("Plaintiff") or in the alternative for an order transferring this action to the United States District Court for the District of Utah, Salt Lake City Division.

Young Living moves on the ground that, pursuant to Federal Rule of Civil Procedure 12(b)(3), Plaintiff has filed suit in the improper venue and the Court should dismiss Plaintiff's Complaint. In the alternative, Young Living moves on the ground that, pursuant to 28 U.S.C. § 1404(a), Plaintiff has filed suit in the wrong venue in violation of a mandatory forum-selection clause and the Court should transfer this action to the United States District Court for the District of Utah, Salt Lake City Division. This Motion is based on this Notice of Motion and Motion, and the attached Memorandum of Points and Authorities in support of the Motion filed concurrently herewith, the record in this action, and any evidence and argument that may be presented at or before the hearing.

Dated: January 24, 2020       WINSTON & STRAWN LLP

By: /s/ *Shawn R. Obi*
Thomas B. Melsheimer
John C. Sanders
Katrina G. Eash
Shawn R. Obi
Attorneys for Defendant
YOUNG LIVING ESSENTIAL OILS, LC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1
II. BACKGROUND ..... 2
III. LEGAL STANDARDS ..... 3
A. Rule 12(b)(3) and Forum-Selection Clauses ..... 3
B. Section 1404(a) and Forum Selection Clauses ..... 3
C. Traditional § 1404(a) Analysis ..... 4
IV. ARGUMENT ..... 4
A. The Court Should Dismiss Plaintiff's Claims Without Prejudice Under Rule 12(B)(3) Because Plaintiff Brought Her Claims in the Incorrect Venue. ..... 5
B. The Court Should Enforce the Parties' Agreed-to, Mandatory Forum-Selection Clauses Under § 1404(A) Because They Are Not Outweighed by Public-Interest Factors or Exceptional Circumstances. ..... 6
1. The forum-selection clauses are mandatory because they designate the courts of Salt Lake City as the exclusive venue. ..... 6
2. This is not one of the rare cases where public-interest factors override a valid forum-selection clause. ..... 7
3. There are no exceptional circumstances that justify disregarding the Parties' forum-selection clauses. ..... 8
C. Alternatively, If the Court Does Not Enforce the Forum-Selection Clauses, the Court Should Transfer to Utah Because It Is the Clearly More Convenient Venue. ..... 11
1. The action could have been brought in the District of Utah ..... 11
2. Plaintiff's choice of forum should be afforded little weight. ..... 12
3. Relevant private-interest factors weigh in favor of transfer to Utah. ..... 12
4. The public-interest factors favor transfer to Utah ..... 14
V. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*,
428 F.3d 921 (10th Cir. 2005) .......... 6

*In re Apple Antitrust Litigation*,
846 F.3d 313 (9th Cir. 2017) .......... 2

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,
571 U.S. 49 (2013) .......... 3, 4, 7

*Barranco v. 3d Sys. Corp.*,
2014 WL 806263 (D. Haw. Feb. 28, 2014) .......... 5

*Blount v. Northrop Grumman Information Tech. Overseas, Inc.*,
2014 WL 12577033 (S.D. Cal. July 23, 2014) .......... 5

*Bomanite Corp. v. Newlook Int'l, Inc.*,
2008 WL 1767037 (E.D. Cal. April 16, 2008) .......... 8

*Color Switch LLC v. Fortafy Games DMCC*,
377 F. Supp. 3d 1075 (E.D. Cal. 2019) .......... 5

*Davidson v. Countrywide Home Loans, Inc.*,
2011 WL 1157569 (S.D. Cal. Mar. 29, 2011) .......... 2

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) .......... 4

*Doe 1 v. AOL LLC*,
552 F.3d 1077 (9th Cir. 2009) .......... 10

*Gemini Techs., Inc. v. Smith & Wesson Corp.*,
931 F.3d 911 (9th Cir. 2019) .......... 9, 10

*Hawkins v. Gerber Prods. Co.*,
924 F. Supp. 2d 1208 (S.D. Cal. 2013) .......... 8, 11, 12, 13

*Hogan v. Beeftek, Inc.*,
2015 WL 4461887 (D. Mon. July 21, 2015) .......... 5

*Holck v. Bank of New York Mellon Corp.*, 769 F. Supp. 2d 1240 (D. Haw. 2011) .... 7

*IMEG Corp. v. Patel*, 2019 WL 6486044 (C.D. Cal. Aug. 9, 2019) .... 5

*Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084 (D. Haw. 2011) .... 5

*M/A-COM Tech. Solutions, Inc. v. Litrinium, Inc.*, 2019 WL 6655274 (C.D. Cal. Sept. 23, 2019) .... 5

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) .... 3

*Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141 (C.D. Cal. 2009) .... 13

*Meyer v. Howmedica Osteonics Corp.*, 2015 WL 728631 (S.D. Cal. Feb. 19, 2015) .... 9, 10

*Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935 (9th Cir. 2019) .... 2

*Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995) .... 6

*Par Pharm., Inc. v. Fleming & Co., Pharms.*, 2009 WL 10672226 (S.D. Sept. 18, 2009) .... 13

*Powell v. United Rentals (North America), Inc.*, 2019 WL 1489149 (W.D. Wash. April 3, 2019) .... 5

*S & J Rentals, Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978 (E.D. Cal. 2018) .... 5, 10

*Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152 (S.D. Cal. 2005) .... 4, 13

*Sam Kholi Enterprises, Inc. v. Comsys Servs. LLC*, 2011 WL 13257533 (S.D. Cal. Oct. 3, 2011) .... 8

*Seaman v. Private Placement Capital Notes II LLC*, 2017 WL 1166336 (S.D. Cal. Mar. 29, 2017) .......... 2

*Sutherland v. Amerifirst Fin.*, Inc., 2017 WL 4244870 (S.D. Cal. Sept. 25, 2017) .......... 5

*Textile Unlimited, Inc. v. A. BMH & Co., Inc.*, 240 F.3d 781 (9th Cir. 2001) .......... 2

*Washington v. Cashforiphones.com*, 2016 WL 6804429 (S.D. Cal. June 1, 2016) .......... 9, 10

*White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931 (S.D. Cal. 2019) .......... 7, 10, 11

*Yei A. Sun v. Advanced China Healthcare*, 901 F.3d 1081 (9th Cir. 2018) .......... 3, 9

**Statutes**

28 U.S.C.
§ 1332(d)(2) .......... 11
§ 1391 .......... 5
§ 1391(b)(1) .......... 11
§ 1391(c)(2) .......... 11
§ 1404(a) .......... *passim*

Cal. Bus. & Prof. Code 17200 "California's Unfair Competition Law" .......... 10

**Other Authorities**

Fed. R. Civ. P.
12 .......... 2
12(b)(3) .......... *passim*
12(b)(6) .......... 2
12(g) .......... 2
12(h) .......... 2

# I. INTRODUCTION

Plaintiff brought this case against Defendant Young Living Essential Oils, LC ("Young Living") in the wrong venue and the wrong tribunal. Plaintiff alleges Young Living engaged in unlawful conduct under an Agreement[1] Plaintiff executed. That Agreement contains two mandatory forum-selection clauses and a binding arbitration clause that combined require (1) **all disputes** be brought in **Salt Lake City, Utah** and (2) resolved in either binding arbitration or state or federal court:

> [A]ny controversy or claim arising out of or relating to the Agreement, or the breach thereof, will be settled by arbitration. Ex. B at § 13.2.2.
>
> . . .
>
> All arbitration proceedings **will be held in Salt Lake City, Utah**. . . . Ex. B at § 13.2.2 (emphasis added).
>
> . . .
>
> Jurisdiction and venue of any matter not subject to arbitration **will reside in** any state or federal court located in **Salt Lake City, Utah**. . . Ex. B at § 13.2.3 (emphasis added).
>
> . . .
>
> Any legal action concerning the Agreement **will be brought** in the state and federal courts located in **Salt Lake City, Utah**. Notwithstanding the foregoing, if applicant resides in Louisiana, applicant may bring an action against [Young Living] with jurisdiction and venue as provided by Louisiana law. Ex. A at § 9 (emphasis added).

Disregarding the mandatory forum-selection clauses and arbitration provision, Plaintiff filed her claims in the wrong Court. The Parties' Agreement, and the forum-

---

[1] The "Agreement" includes the Young Living Member Agreement (Ex. A), the Young Living Policies and Procedures ("P&Ps") (Ex. B), and the Young Living Compensation Plan (Ex. C). Collectively, the three documents constitute a single agreement, as the Young Living Member Agreement (Ex. A) makes clear: "the Policies and Procedure and the Compensation Plan . . . are incorporated into and made a part of this Member Agreement (collectively referred to as the 'Agreement')." *See* Ex. A at "Policies and Procedures & Compensation Plan."

Plaintiff alleges she became a Young Living Member in May 2018. Dkt. No. 4 at ¶ 109. Based on this allegation, Young Living understands Plaintiff alleges she entered into the version of the Agreement attached hereto as Ex. A, Ex. B, and Ex. C. If discovery reveals Plaintiff is subject to a different version of the Agreement, Young Living reserves the right to make such an allegation. For purposes of this motion, however, Young Living takes Plaintiff's allegations as true.

selection clauses in particular, make one thing very clear: whether in an arbitral tribunal or a court of law, any dispute between the Parties must proceed in Salt Lake City, Utah, not San Diego, California. This Court should therefore either (1) dismiss the action under Rule 12(b)(3) without prejudice to allow Plaintiff to bring her claims in the proper tribunal or, (2) in the alternative, transfer the case to the District of Utah, Salt Lake City Division under § 1404(a) and the plain language of the Parties' mandatory forum-selection clauses.[2]

## II. BACKGROUND

Young Living is a globally-recognized company that creates and manufactures therapeutic essential oils and wellness solutions and, through its members, sells those solutions to millions of customers around the world. The present case is a putative class action brought by one such Young Living Member.

As explained above, Plaintiff's membership with Young Living is governed by the Agreement, which contains two mandatory forum-selection clauses mandating that

[2] In the interest of judicial economy, Young Living presently moves only with respect to the threshold issue of whether this Court is the proper venue for Plaintiff's action. Under the Federal Rules of Civil Procedure and Ninth Circuit authority, Defendant may urge other defenses—including that Plaintiff has failed to state a claim upon which relief can be granted—at a later date if the Court denies this Motion. *See* Fed. R. Civ. P. 12(g)-(h); *In re Apple Antitrust Litigation*, 846 F.3d 313, 318–320 (9th Cir. 2017) (observing that courts should "generally be forgiving…of a late-filed Rule 12(b)(6) motion"); *Davidson v. Countrywide Home Loans, Inc.*, 2011 WL 1157569, at *4 (S.D. Cal. Mar. 29, 2011) ("Rule 12(g) applies to situations in which a party files successive motions under Rule 12 for the sole purpose of delay[.]") (internal quotations omitted).

Defendant may also urge this Court to compel arbitration at a later date if it denies this Motion. Under Ninth Circuit law, however, this Court cannot enforce the Parties' Agreement to arbitrate in Utah. *Seaman v. Private Placement Capital Notes II LLC*, 2017 WL 1166336, at *5 (S.D. Cal. Mar. 29, 2017) (citing *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967 (9th Cir. 1941)); *see also Textile Unlimited, Inc. v. A. BMH & Co., Inc.*, 240 F.3d 781, 785 (9th Cir. 2001). For that reason, the filing of the present Motion is a prerequisite to Young Living obtaining the benefit of its bargain to arbitrate in Utah and it does not waive Young Living's ability to petition this Court at a later date to compel arbitration. *See Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 941 (9th Cir. 2019) (explaining that the general question when examining waiver of arbitration agreements is "whether a party's actions indicate a conscious decision to seek judicial judgment on the merits of the arbitrable claims, which would be inconsistent with a right to arbitrate"). Young Living presently seeks no judgment on the merits.

jurisdiction and venue of all disputes between the Parties lies in Salt Lake City, Utah, unless the plaintiff resides in Louisiana.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(3) and Forum-Selection Clauses

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides a vehicle for courts to dismiss actions for improper venue.

### B.   Section 1404(a) and Forum Selection Clauses

Section 1404(a) is also an appropriate vehicle to enforce a forum-selection clause. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Forum-selection clauses are "prima facie valid," and under §1404(a) "[a] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Atlantic Marine*, 571 U.S. at 63. Though the non-movant, Plaintiff bears a "heavy burden" to defeat a motion to transfer pursuant to a forum-selection clause. *Yei A. Sun v. Advanced China Healthcare*, 901 F.3d 1081, 1084 (9th Cir. 2018).

Under a forum-selection clause, all factors relating to the private interests of the parties (enumerated below) are deemed to weigh "entirely in favor of the preselected forum." *Id.* at 1087–88. And although courts may consider the public interest factors, "those factors will rarely defeat a transfer motion." *Id.* at 1088. Thus, the "practical result is that a forum-selection clause should control" unless the plaintiff can demonstrate the existence "of exceptional circumstances that would justify disregarding a forum-selection clause." *Id.* at 1084, 1088. Exceptional circumstances that justify disregarding a forum-selection clause only exist when "(1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court." *Id.* at 1088.

### C. Traditional § 1404(a) Analysis

Under a traditional § 1404(a) analysis, courts "weigh the relevant factors and decide whether, on balance, transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine*, 571 U.S. at 62-63. Though Plaintiff's choice of venue is given some weight, that weight is "discounted where the action is a class action." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005). Relevant private-interest factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure the attendance of witnesses; (3) cost of attendance for willing witnesses; (4) possibility of view of premises, if view would be appropriate to the action; and (5) other practical problems that make trial of a case easy, expeditious, and inexpensive. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Relevant public-interest factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; (4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*[3]

## IV. ARGUMENT

Plaintiff brought this case in the wrong forum and there are three mechanisms by which this Court can cure Plaintiff's mistake. **First,** the Court can, and should, dismiss this case without prejudice under Rule 12(b)(3), forcing Plaintiff to refile this action in the agreed-upon forum. **Second,** in the alternative, the Court can, and should, transfer

[3] The Ninth Circuit has also provided a slightly different articulation of essentially the same relevant factors: (1) the plaintiffs' choice of forum; (2) the extent to which there is a connection between the plaintiffs' causes of action and this forum; (3) the parties' contacts with this forum; (4) the convenience of witnesses, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the ease of access to sources of proof; (7) the existence of administrative difficulties resulting from court congestion; (8) whether there is a "local interest in having localized controversies decided at home"; (9) whether unnecessary problems in conflict of laws, or in the application of foreign law, can be avoided; and (10) the unfairness of imposing jury duty on citizens in a forum unrelated to the action. *Saleh*, 361 F. Supp. 2d at 1156.

the case under § 1404(a) to the District of Utah pursuant to the Parties' mandatory forum-selection clauses. **Third,** in the alternative, the Court can, and should, transfer the case under a traditional § 1404(a) analysis because the District of Utah is the clearly more convenient forum for resolution of the Parties' dispute. The result remains the same no matter which mechanism the Court chooses—that is, a Utah court of law will determine whether the Parties' arbitration agreement should be enforced and: (1) if so, compel arbitration **in Salt Lake City, Utah**; or (2) if not, resolve the dispute **in a Salt Lake City, Utah** court of law.[4]

### A. The Court Should Dismiss Plaintiff's Claims Without Prejudice Under Rule 12(B)(3) Because Plaintiff Brought Her Claims in the Incorrect Venue.

Courts within the Ninth Circuit routinely use Rule 12(b)(3) to dismiss cases governed by forum-selection clauses. *See, e.g., M/A-COM Tech. Solutions, Inc. v. Litrinium, Inc.*, 2019 WL 6655274, at *7–8 (C.D. Cal. Sept. 23, 2019) (dismissing claim governed by forum-selection clause under Rule 12(b)(3)); *IMEG Corp. v. Patel*, 2019 WL 6486044, at *2 (C.D. Cal. Aug. 9, 2019) ("A defendant may move to dismiss pursuant to Rule 12(b)(3) based on a forum selection clause, even if venue would otherwise be proper under 28 U.S.C. § 1391."); *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1082 (E.D. Cal. 2019) ("A motion to dismiss based on the enforcement of a forum selection clause is governed by Federal Rule of Civil Procedure 12(b)(3)."); *S & J Rentals, Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978, 983 (E.D. Cal. 2018) ("A motion to dismiss under Rule 12(b)(3) is the proper means for

[4] Numerous courts within the Ninth Circuit have transferred cases in the interests of justice under § 1404(a) when the parties have agreed to arbitrate in a venue other than the one in which the present suit is pending so that the transferee court could resolve issues relating to whether arbitration was appropriate. *Powell v. United Rentals (North America), Inc.*, 2019 WL 1489149, at *8 (W.D. Wash. April 3, 2019); *Sutherland v. Amerifirst Fin.*, Inc., 2017 WL 4244870, at *6 (S.D. Cal. Sept. 25, 2017); *Hogan v. Beeftek, Inc.*, 2015 WL 4461887, at *5–6 (D. Mon. July 21, 2015); *Blount v. Northrop Grumman Information Tech. Overseas, Inc.*, 2014 WL 12577033, at *2–3 (S.D. Cal. July 23, 2014); *Barranco v. 3d Sys. Corp.*, 2014 WL 806263, at *12 (D. Haw. Feb. 28, 2014); *Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084, 1092–93 (D. Haw. 2011).

enforcing a contractual forum selection clause."). As such, the Court should enforce the Parties' **mandatory** forum-selection clauses—explained in more detail below—and dismiss Plaintiff's claims under Rule 12(b)(3), thus requiring Plaintiff to bring her claims in the appropriate, agreed-upon Salt Lake City, Utah forum.

### B. The Court Should Enforce the Parties' Agreed-to, Mandatory Forum-Selection Clauses Under § 1404(A) Because They Are Not Outweighed by Public-Interest Factors or Exceptional Circumstances.

The Parties' Agreement includes unambiguous, mandatory forum-selection clauses that require any dispute between the Parties be decided—whether in arbitration or in court—in Salt Lake City, Utah:

> Jurisdiction and venue of any matter not subject to arbitration **will reside in** any state or federal court located in Salt Lake City, Utah.  Ex. B at § 13.2.2.
>
> ….
>
> Any legal action concerning the Agreement **will be brought** in the state and federal courts located in Salt Lake City, Utah.  Notwithstanding the foregoing, if applicant resides in Louisiana, applicant may bring an action against [Young Living] with jurisdiction and venue as provided by Louisiana law.  Ex. A at § 9.

These forum-selection clauses are mandatory, none of the public-interest factors outweigh their enforcement, and there are no exceptional circumstances in this case. As such, the Court should enforce the clauses.

#### 1. The forum-selection clauses are mandatory because they designate the courts of Salt Lake City as the exclusive venue.

A mandatory forum-selection clause "must contain language that clearly designates a forum as the exclusive one." *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995); *see also Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir.

2005) ("When venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory language, the forum selection clause will be enforced as mandatory.").

Here, the forum-selection clauses are mandatory because they command that any lawsuit filed in a court of law "will be brought" and "will reside" in the state and federal courts of Salt Lake City, Utah. Ex. A at § 9; Ex. B at § 13.2.3; *Holck v. Bank of New York Mellon Corp.*, 769 F. Supp. 2d 1240, 1254 (D. Haw. 2011) (forum-selection clause providing "the dispute **will be** adjudicated in [the designated forum]" was mandatory) (emphasis added).

**2. This is not one of the rare cases where public-interest factors override a valid forum-selection clause.**

Public-interest factors, in rare cases, may override a mandatory forum-selection clause. Plaintiff must prove the public-interest factors "**overwhelmingly** disfavor enforcement of the clause." *White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 947 (S.D. Cal. 2019) (emphasis added). "Because [public-interest] factors will rarely defeat a [forum-selection clause], the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 64. This is not one of those "unusual cases." In fact, although the speed with which a case proceeds to trial arguably favors this District slightly, the other factors favor the District of Utah. *See* Ex. D, Federal Court Management Statistics, United States District Courts – Profile.[5]

**First**, the local interest in having localized interests decided at home heavily favors enforcing the forum-selection clauses. Here, Defendant Young Living is headquartered in Utah and employs thousands of employees, some of whom are potential witnesses, in that forum. *See* Ex. E, Declaration of Lee Bowen. Plaintiff,

---

[5] According to the Federal Court Management Statistics, the current median time from filing to trial in this District is 27.7 months, but has been as high as 36.2 months within the last five years. The current median time to trial in Utah, on the other hand, is unknown, but it has averaged 37.96 months over the last five years.

meanwhile, reached out to a Utah corporation, agreed to have Utah law govern disputes between the Parties, and agreed to resolve all disputes in Utah. Moreover, the alleged misrepresentations that are the basis of Plaintiff's allegations were issued in Utah. *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013). In sum, the "crux of the present case" lies in Utah, the state where Young Living is headquartered and allegedly issued the misrepresentations. *Id.* This factor favors the Utah forum.

**Second**, the forum's familiarity with the law favors the District of Utah as well. Here, the Agreement contains a choice of law clause that selects Utah law. Ex. A at § 9. The presence of a choice of law clause designating the transferee forum's law weighs in favor of transfer. *Sam Kholi Enterprises, Inc. v. Comsys Servs. LLC*, 2011 WL 13257533, at *8 (S.D. Cal. Oct. 3, 2011) (finding this factor favored transfer to Texas when "two of the three contracts under which Plaintiffs raise claims in this dispute are explicitly governed by Texas law"); *see also Bomanite Corp. v. Newlook Int'l, Inc.*, 2008 WL 1767037, at *10 (E.D. Cal. April 16, 2008).[6] Thus, this factor favors enforcing the forum-selection clause.

**Third**, the avoidance of unnecessary problems of conflicts of law favors Utah. If the transferee court agrees that the Agreement requires application of Utah law, it will be more streamlined to have a Utah court decide substantive and procedural matters in accordance with Utah law. *See id.*

Of the four factors, three weigh in favor of Utah, while only one weighs slightly against it. Plainly, the public-interest factors do not "overwhelmingly disfavor" enforcement of the Parties' mandatory forum-selection clauses.

### 3. There are no exceptional circumstances that justify disregarding the Parties' forum-selection clauses.

[6] And even if the Utah court were to ultimately determine that Plaintiff may maintain its California claims despite the choice of law clause, courts in Utah are fully capable of applying California law, meaning this factor would be, at worst, neutral. *See Hawkins*, 924 F. Supp. 2d at 1216.

In rare situations, exceptional circumstances will justify avoiding application of a forum-selection clause. Exceptional circumstances only exist when "(1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court." *Advanced China Healthcare*, 901 F.3d at 1088.

**First**, there is no evidence or allegation of fraud or overreaching in the execution of the forum-selection clauses. *See Meyer v. Howmedica Osteonics Corp.*, 2015 WL 728631, at *8–10 (S.D. Cal. Feb. 19, 2015).[7] Thus, this consideration does not override enforcement of the mandatory forum-selection clauses.

**Second**, allowing this case to proceed in Utah—whether after dismissal or transfer—would not contravene any strong public policy in California. To satisfy this factor, Plaintiff must identify a California "statute or judicial decision that **clearly states** such a strong public policy." *Advanced China Healthcare*, 901 F.3d at 1090 (emphasis added). To qualify for this exception, the cases effectively demand that a statute or judicial decision **expressly** state that forum-selection clauses are void as applied to the claims at issue. *See Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 916 (9th Cir. 2019) (Idaho statute expressly providing "[e]very stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals…is void as it is against the public policy of Idaho" voided forum-selection clause at issue); *Advanced China Healthcare*, 901 F.3d at 1090

[7] Importantly, Plaintiff's allegation that she was induced to enter into the Agreement due to alleged fraudulent conduct does not support avoiding application of the forum-selection clauses. To avoid application of a mandatory forum-selection clause due to fraud or overreaching, the plaintiff must show that "**the inclusion of the clause in the agreement** was the product of fraud or overreaching." *Meyer*, 2015 WL 728631, at *8 (emphasis added); *see also Washington v. Cashforiphones.com*, 2016 WL 6804429, at *5 (S.D. Cal. June 1, 2016) ("In challenging a forum selection clause as fraudulent, a plaintiff must show that the forum selection clause itself, as opposed to the entire contract in which the clause is set forth, is the product of fraud or overreaching."). Here, even if the Court were to accept Plaintiff's allegations regarding fraud as true, none of the allegations relate specifically to the inclusion of the forum-selection clauses at issue.

(Washington statute providing "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void" did not void the forum-selection clause at issue); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (California state court opinion expressly declaring "the same AOL forum selection clause at issue here contravenes a strong public policy of California" voided forum-selection clause at issue). Public policy-related statutes and decisions sufficient to avoid a forum-selection clause "are bound to be far from routine." *See Gemini Techs.*, 931 F.3d at 916.

      Here, there are no applicable statutes or judicial decisions that expressly declare forum-selection clauses to be in violation of California public policy. To the contrary, there are opinions holding that at least some of Plaintiff's claims are susceptible to forum-selection clauses. *S & J Rentals, Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978, 985–89 (E.D. Cal. 2018) (enforcing forum-selection clause in case involving claims under California's Unfair Competition Law); *Washington v. Cashforiphones.com*, 2016 WL 6804429, at *5–7 (S.D. Cal. June 1, 2016) (enforcing forum-selection clause in case involving claims for deceptive advertising practices). Moreover, even if the Court were to conclude that the application of Utah law (under the choice of law provision in the Agreement) as opposed to California law contravened public policy, the forum-selection clause still must be enforced. *See Washington*, 2016 WL 6804429, at *5; *Meyer*, 2015 WL 728631, at *8–10. Young Living is not currently asking this Court to enforce the choice of law clause; the only issue before the Court is the threshold matter of whether this proceeding should be maintained in Utah, pursuant to the Parties' Agreement, or in the present forum, regardless of which law is ultimately applied. There are no public policy concerns to vitiate the Agreement.

      **Finally**, Plaintiff is incapable of demonstrating that enforcement of the forum-selection clauses would effectively deprive her of her day in court. *See White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 947–48 (S.D. Cal. 2019). To prevail on this ground, Plaintiff would have to demonstrate an effective

inability to litigate the action in Utah, which could be demonstrated by proving "all the relevant witnesses are not located in that forum, the party is physically unable to go to the chosen forum, or the party lacks the financial ability to bear the costs of proceeding in the chosen forum." *Id.* at 948. Here, there is no evidence, nor any allegation, that such extreme circumstances are present. To the contrary, the evidence shows Utah is the more convenient forum as explained herein.

In sum, there are no exceptional circumstances that justify disregarding the Parties' forum-selection clause, and the Court should dismiss this action or transfer it to the District of Utah.

**C. Alternatively, If the Court Does Not Enforce the Forum-Selection Clauses, the Court Should Transfer to Utah Because It Is the Clearly More Convenient Venue.**

If the Court does not find the Parties' mandatory forum-selection clauses enforceable, the Court should still transfer the case to Utah under a traditional § 1404(a) analysis because the evidence shows that a "transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Hawkins*, 924 F. Supp. 2d at 1212.

**1. The action could have been brought in the District of Utah.**

As an initial matter, this action could have been brought in the District of Utah. Venue is proper in suits against defendants where they "reside." 28 U.S.C. § 1391(b)(1). An entity with capacity to sue and be sued, such as Young Living, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Here, Young Living resides in Utah because it is headquartered there, it is the forum where alleged misrepresentations were made, and it is where Young Living employs thousands of employees and potential witnesses. *See Hawkins*, 924 F. Supp. 2d at 1213–14. Additionally, the District of Utah would have subject-matter jurisdiction over this action for the same reason this Court does. *See* 28 U.S.C. § 1332(d)(2).

**2. Plaintiff's choice of forum should be afforded little weight.**

The fact that Plaintiff has brought suit on behalf of a putative nationwide class entitles her choice of forum to "very little weight." *Hawkins*, 924 F. Supp. 2d at 1214–15 (because plaintiff could not provide the court with "any persuasive reasons as to why the class has been artificially split into two sub-classes, the California plaintiffs and the non-California 'nationwide' sub-class," the court found "that Plaintiff's choice of forum is entitled to very little weight"). The same is true here, where Plaintiff putatively brings claims on behalf of both a nationwide class and a California sub-class. Dkt. No. 4 at ¶ 117.

**3. Relevant private-interest factors weigh in favor of transfer to Utah.**

The relevant private-interest factors weigh in favor of transfer to Utah.

**First**, the relative ease of access to sources of proof favors transfer to Utah. Nearly all sources of proof—including nearly all of the individuals with knowledge of relevant facts and nearly all of the documents—are located in Utah. First, with regard to witnesses, at least the following Young Living employees, each of whom resides in Utah, are potential witnesses: Jared Turner[8], Julie Hunter[9], Lynn Biesinger[10], and Micah Raventos.[11] *See* Ex. E. Additionally, Young Living anticipates there will be former employees residing in Utah, who may have relevant information relating to Young Living's products and business practices. On the other hand, only one known witness, Plaintiff, resides in this District.

---

[8] Mr. Turner is Young Living's President and Chief Operating Officer, and he may have relevant non-privileged knowledge regarding Young Living's operations, financial information, compliance, enforcement of its policies and procedures, compensation plan, and related matters. *See* Ex. E.

[9] Ms. Hunter is Young Living's Vice President of Corporate Compliance and Member Conduct, and she may have relevant non-privileged knowledge regarding Young Living's operations and enforcement of its policies and procedures. *See* Ex. E.

[10] Ms. Biesinger is Young Living's Senior Director of Commission Services, and she may have relevant non-privileged knowledge regarding Young Living's compensation plan. *See* Ex. E.

[11] Mr. Raventos is Young Living's Director of Business Intelligence, and he may have relevant non-privileged knowledge regarding Young Living's operations. *See* Ex. E.

With regard to documents, it is likely that Young Living will produce thousands of documents, whereas Plaintiff is anticipated to produce no more than a handful. Young Living's documents and electronically-stored information are located in Utah at 1538 W. Sandalwood Dr., Lehi, UT 84043 and 3125 Executive Parkway, Lehi, UT 84043. *See* Ex. E. Though advances in technology have made it easier to transport documents, this factor is still relevant to the transfer analysis. *Hawkins*, 924 F. Supp. 2d at 1216. Thus, when most of the evidence is derived from the transferee forum, this factor weighs in favor of transfer. *Id.*; *see also Par Pharm., Inc. v. Fleming & Co., Pharms.*, 2009 WL 10672226, at *5 (S.D. Sept. 18, 2009) (access to proof factor favored transfer to forum where defendant's documents were maintained). This factor weighs heavily in favor of transfer to Utah.

**Second,** the availability of compulsory process to secure attendance of witnesses favors transfer to Utah. When the non-party witnesses are outside of this District's subpoena power, this factor weighs in favor of transfer, particularly when a venue that does have subpoena power over more non-party witnesses is available. *Saleh*, 361 F. Supp. 2d at 1165–66. Here, Young Living is unaware of any non-party witnesses who reside within the subpoena range of the Court. However, there are multiple third parties that conduct business with Young Living in Utah and multiple former Young Living employees that still live in Utah that will likely be witnesses in this case. Accordingly, this factor weighs in favor of transfer. *Id.* (presence of non-party witnesses in transferee forum favored transfer).

**Third,** the convenience of witnesses weighs in favor of transfer to Utah. As discussed above, the majority of currently known witnesses are Young Living employees. On the other hand, only one known witness, Plaintiff, resides in this District. Because the majority of potential witnesses are in Utah, and the only party or witness known to date that is located in California is Plaintiff, the convenience to witnesses weighs strongly in favor of transferring his action to Utah. *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147–48 (C.D. Cal. 2009)

(convenience of witnesses favored transfer to New York because "the majority of potential witnesses are in the New York area [including party witnesses], and the only party or witness known to date that is located in California is Plaintiff").

**Fourth,** Young Living is unaware of other practical problems that make trial of this case more or less easy, expeditious, and inexpensive in either district. This factor is neutral.

In sum, three private-interest factors weigh strongly in favor of transfer to Utah, while one is neutral.

**4. The public-interest factors favor transfer to Utah**

Young Living, having already analyzed the public interest factors, reincorporates its analysis in which three of the public-interest factors favor transfer.

In total, having analyzed private- and public-interest factors, there are six factors that weigh in favor of transfer, only one judicial economy factor that slightly weighs in favor of the present venue, and one factor that is neutral. The Court should transfer this action to the District of Utah.

## V. CONCLUSION

The Court should give effect to the Parties' Agreement as written. Because the Parties bargained for two forum-selection clauses requiring that this dispute be resolved in Salt Lake City, Utah, the Court should either (1) dismiss this action, forcing Plaintiff to bring it in the correct forum or (2) transfer it to the United States District Court for the District of Utah, Salt Lake City Division.

Dated: January 24, 2020

WINSTON & STRAWN LLP

By: /s/*Shawn R. Obi*
Thomas B. Melsheimer
John C. Sanders
Katrina G. Eash
Shawn R. Obi
Attorneys for Defendant
YOUNG LIVING ESSENTIAL OILS, LC